

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL CUNIN SUCUQUI,<br><br>Petitioner,<br><br>v.<br><br>Warden, Otay Mesa Detention Center,<br><br>Respondent. | Case No.:  26-cv-103-RSH-JLB<br><br>**ORDER DENYING PETITION** |

On January 7, 2026, petitioner Joel Cunin Sucuqui filed *pro se* a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. The Court thereafter provisionally appointed Federal Defenders of San Diego, Inc. ("FDSDI") to advise on whether the Court can decide the matter without assistance of counsel. ECF No. 2. On February 2, 2026, FDSDI duly submitted an advisal. ECF No. 5.[1]

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit

---

[1]     The Court acknowledges FDSDI's service and terminates FDSDI's provisional appointment.

1

judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts (the "Habeas Rules") requires summary dismissal of a federal habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also* Habeas Rule 1(b) (permitting district courts to apply Habeas Rules to Section 2241 habeas proceedings); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss Section 2241 petition).

Petitioner requests to be released on bond. ECF No. 1 at 7. He states that he was taken into immigration custody on October 24, 2025, and was ordered removed on November 24, 2025. *Id.* at 5. Petitioner has not appealed that order to the Board of Immigration Appeals. *Id.* It therefore appears that Petitioner's order of removal became administratively final on December 24, 2025, after his 30-day period for filing an appeal lapsed. *See* 8 C.F.R. §§ 1241.1 (addressing finality of order of removal), 1003.38(b) (addressing time for appeal of decision of an immigration judge).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that the statute providing for detention following a final order of removal, 8 U.S.C. § 1231(a), "does not permit indefinite detention." *Id.* at 689. Rather, it allows detention only for "a period reasonably necessary to bring about that [noncitizen]'s removal from the United States." *Id.* "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. The Supreme Court established six months as the "presumptively reasonable" period of post-removal-order detention. *Id.* at 701. After six months, "once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Here, Petitioner's order of removal became final less than two months ago, and Petitioner has not established that continued detention in his circumstances is unreasonable

or violates due process. It plainly appears from the Petition that Petitioner is not entitled to relief at this time. Accordingly, the Petition is **DENIED**.

The Clerk of Court is directed to enter judgment for Respondent and to close the case.

**IT IS SO ORDERED**.

Dated: February 2, 2026

_Robert S Huie_
Hon. Robert S. Huie
United States District Judge

26-cv-103-RSH-JLB